RENDERED:  SEPTEMBER 19, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2024-CA-1036-MR

MATTHEW SCHNEIDER                                     APPELLANT

v.                   APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
CASE NO. 23-CI-01171

BUTTERMILK SHOPPING CENTER,
LLC; AND VELVET SMOKE BBQ,
LLC                                               APPELLEES

OPINION
REVERSING IN PART AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE:  This is an appeal from the Kenton Circuit Court's grant of summary judgment to a shopping center that filed a breach of contract suit against its former tenant, a limited liability company ("LLC") registered in Ohio.  The court held that the tenant's failure to comply with the registration requirements for

a foreign entity in Kentucky Revised Statutes ("KRS") Chapter 14A meant that the principal member of the LLC could be held personally liable for its debts under KRS 275.095. Upon careful review, we conclude that the tenant's failure to meet the registration requirements of Chapter 14A did not deprive its member of personal liability protection and consequently the judgment must be reversed in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Buttermilk Shopping Center, LLC, ("BSC") owns a shopping center located in Crescent Springs, Kentucky. On September 12, 2018, BSC entered into a commercial lease with Velvet Smoke BBQ, LLC, for 2,600 square feet of space in the shopping center. Velvet Smoke is a limited liability company registered in Ohio. Matthew Schneider, a principal of Velvet Smoke, signed the lease with BSC. The lease contained an Initial Term which required Velvet Smoke to pay rent of $4,333.33 and common area maintenance of $650 per month, from October 1, 2018, through September 30, 2021. If Velvet Smoke did not notify BSC that it did not want to renew the lease after the end of the Initial Term, the lease was automatically extended for the next Option Period, which required the payment of monthly rent of $4,550 from September 1, 2021, through August 31, 2024. Schneider personally guaranteed Velvet Smoke's obligations during the Initial

Term of the lease. When the Initial Term expired at the end of September 2021, Velvet Smoke's balance owed was $12,500.49.

On March 17, 2023, BSC gave written notice of default to Velvet Smoke for nonpayment of rent, late fees, and maintenance, and provided ten days to cure. On March 28, 2023, Velvet Smoke notified BSC that it was abandoning the lease. BSC was able to release the premises beginning on September 1, 2023. According to BSC, Velvet Smoke owes a total of $88,365.39 in unpaid rent, late fees, maintenance, and utilities. This amount includes the balance from the Initial Term.

BSC filed a complaint against Velvet Smoke and Schneider on June 30, 2023, alleging breach of contract and unjust enrichment. BSC argued that Schneider should be held personally liable for the debt because Velvet Smoke did not obtain a Certificate of Authority by registering with the Kentucky Secretary of State.

On April 12, 2024, the trial court granted BSC's motion for summary judgment and awarded judgment jointly and severally against Velvet Smoke and Schneider. The order was made final and appealable on August 19, 2024, and this appeal by Schneider followed.[1]

---

[1] Velvet Smoke did not appeal the court's ruling.

## STANDARD OF REVIEW

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); Kentucky Rules of Civil Procedure ("CR") 56.03. "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

## ANALYSIS

This case involves the interplay between KRS Chapter 275, the Kentucky Limited Liability Company Act, and KRS Chapter 14A, the Kentucky Business Entity Filing Act.

A "foreign limited liability company" is defined in Chapter 275 as an organization that is:

(a) An unincorporated association;

(b) Organized under laws of a state other than the laws of this Commonwealth, or under the laws of any foreign country; and

(c) Organized under a statute pursuant to which an association may be formed that affords to each of its members limited liability with respect to the liabilities of the entity[.]

KRS 275.015(9).

The parties do not dispute that Velvet Smoke meets this definition because it organized under the laws of the state of Ohio. Nor do they dispute that the laws of Ohio provide Schneider with limited liability with respect to the liabilities of Velvet Smoke.

> In Chapter 14A, a "foreign entity" is defined as
>
> a corporation, not-for-profit corporation, cooperative, limited cooperative association, association, business or statutory trust, partnership, limited partnership, limited liability company, or unincorporated nonprofit association not:
>
> (a) Organized pursuant to the laws of the Commonwealth of Kentucky; or
>
> (b) As to its internal affairs, governed by the laws of the Commonwealth of Kentucky[.]

KRS 14A.1-070(10).

The parties do not dispute that Velvet Smoke meets this definition of a foreign entity and, as such, is required to comply with Chapter 14A in order to do business in Kentucky. Under Chapter 14A, "[a] foreign entity shall not transact business in this Commonwealth until it obtains a certificate of authority from the Secretary of State." KRS 14A.9-010(1). To apply for a certificate of authority, the foreign entity is required to deliver an application to the Secretary of State which sets forth the following:

-5-

(a) The real name of the foreign entity and, if its real name is unavailable for use in this Commonwealth, a name that satisfies the requirements of KRS 14A.3-010;

(b) The name of the state or country under whose law it is organized;

(c) Its form of organization;

(d) Its date of organization;

(e) Its period of duration or a statement that its duration is perpetual;

(f) The street address of its principal office;

(g) The address of its registered office in this Commonwealth and the name of its registered agent at that office;

(h) The names and usual business addresses of:

1. The secretary, the other principal officers, and the directors, if the entity is a foreign corporation or foreign limited cooperative association;

2. Each of the general partners, if the entity is a foreign limited partnership;

3. Each of the managers, if the entity is a foreign limited liability company with managers; or

4. Each of the trustees, if the entity is a foreign business trust[.]

KRS 14A.9-030(1).

If a foreign entity transacts business in Kentucky without obtaining a certificate of authority, it is subject to consequences and penalties as enumerated in

KRS 14A.9-020. For example, it cannot maintain court proceedings in the Commonwealth, and it can be held liable for a civil penalty for transacting business in the Commonwealth. KRS 14A.9-020(1) and (4). However, notwithstanding those consequences, KRS 14A.9-020(5) provides:

> (5) Notwithstanding subsections (1) and (2) of this section, the failure of a foreign entity to obtain a certificate of authority shall not impair the validity of the acts of the foreign entity or prevent it from defending any proceeding in this Commonwealth.

KRS Chapter 275 contains a provision specifying the laws, subject to the Constitution of Kentucky, that govern a foreign LLC:

> (1)(a) The laws of the state or other jurisdiction under which a foreign limited liability company is organized shall govern its organization and internal affairs, including the inspection of the books, records, and documents, and the liability of its members, except as provided in subsection (2) of this section; and
>
> (b) A foreign limited liability company shall not be denied registration by reason of any difference between the laws of another jurisdiction under which a foreign limited liability company is organized and the laws of this Commonwealth.
>
> (2) A certificate of authority obtained pursuant to this chapter shall not authorize a foreign limited liability company to exercise any powers or engage in any business that a domestic limited liability company is forbidden to exercise or engage in by the laws of this Commonwealth.

KRS 275.380(1)-(2).

The circuit court held that Schneider could be held personally liable for the debts of Velvet Smoke pursuant to KRS 275.095, which states:

> All persons purporting to act as or on behalf of a limited liability company, knowing there has been no **organization** under this chapter, or who assume to act for a limited liability company without authority to do so, shall be jointly and severally liable for all liabilities created while so acting.

KRS 275.095 (emphasis added).

The circuit court found that under this section, Schneider had operated Velvet Smoke without "organization" of the business as required by Kentucky law. However, the pertinent statutes as set forth above clearly distinguish between organization and registration. A foreign LLC is not required to "organize" under Kentucky law; KRS 275.380 plainly states that the laws of the state under which a foreign LLC is organized shall continue to govern its organization and internal affairs, and section (b) of that statute differentiates between organization and registration.

Thus, Velvet Smoke was organized for purposes of Chapter 275 because it was organized under the laws of Ohio. KRS 275.095 is not applicable to this situation and appears to be intended to impose liability on persons misrepresenting themselves either as agents of LLCs that do not exist or as agents of an existing LLC but without its approval.

While there is very little law interpreting these provisions, the protections afforded to all LLCs, through the Kentucky Limited Liability Company Act promulgated in 1994, were specifically designed to provide for limited liability of members of such entities. As the Supreme Court noted in *Racing Investment Fund 2000, LLC v. Clay Ward Agency, Inc*., 320 S.W.3d 654 (Ky. 2010), Kentucky joined a growing trend in recognizing limited liability companies in 1994 and the most important feature of an LLC is its limited liability protection. *Id.* at 656. Through KRS 275.150, members of an LLC enjoy broad immunity with very few exceptions, one of which is if the LLC is not validly organized, or if a written agreement provides otherwise. *Id.* Velvet Smoke was validly organized, albeit under Ohio law. It was simply not properly registered. That brings us to the second exception.

Schneider also argues that the approximately $65,000 in payments that BSC received in rent after the Initial Term should be applied to the oldest debt first, namely, the $12,500.49 owing at the end of the Initial Term of the lease. But Schneider signed a personal guarantee that he would pay Velvet Smoke's obligations during the initial Term of the lease. It states that "[t]he personal guarantee provision will expire at the end of the initial base term on September 10, 2021. Any renewal terms that are exercised will not be subject to a personal guarantee." Schneider nonetheless argues that unless an agreement specifies

-9-

otherwise, the default arrangement is that any payments are required to be applied to the oldest debt first. However, the agreement specified otherwise: Schneider was personally liable for the portion of the debt incurred during the Initial Term. The case he cites, *Ranier v. Kiger Insurance, Inc.*, 998 S.W.2d 515 (Ky. App. 1999), is not helpful because the Court in that case did not address this issue on the merits because a prior opinion meant that the circuit court's decision had become the law of the case. *Ranier*, 998 S.W.2d at 518.

## **<u>CONCLUSION</u>**

The grant of summary judgment to BSC, holding that Velvet Smoke and Schneider are jointly and severally liable to BSC under the lease, is reversed. Schneider is personally liable for the debt incurred during the Initial Term of the lease, but not for the debt incurred thereafter by Velvet Smoke. The case is remanded to the circuit court for further proceedings in accordance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Charles E. Rust
Cincinnati, Ohio

BRIEF FOR APPELLEE
BUTTERMILK SHOPPING
CENTER, LLC

Jason Abeln
Fort Mitchell, Kentucky

Patrick S. Reagan
Covington, Kentucky